UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY IRVIN,

        Plaintiff,           Case No. 2:20-cv-12389
                                                                         District Judge Paul D. Borman
v.           Magistrate Judge Anthony P. Patti

UNITED STATES STEEL
CORPORATION, a foreign
corporation,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 32)

This matter came before the Court for consideration of Plaintiff's motion to compel discovery (ECF No. 32), Defendant's response in opposition (ECF No. 37), Plaintiff's reply (ECF No. 38), and the parties' joint statement of unresolved issues (ECF No. 40).  Judge Borman referred the motion to me for a hearing and determination.  (ECF No. 33.)  A hearing via Zoom was held on December 2, 2021, at which counsel for both parties appeared and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No.

32) is **GRANTED IN PART** and **DENIED IN PART**.  Defendant's objection to Interrogatory No. 15 and corresponding Request for Production No. 9 on the basis of undue burden is **OVERRULED**, as Defendant failed to submit an affidavit or offer evidence revealing the nature of the burden, in accordance with my Practice Guidelines and the relevant case law.  *See In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410-411 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008).   However, the Court **SUSTAINS IN PART** Defendant's objection as to scope.  Taking into account the factors in Fed. R. Civ. P. 26(b)(1), the Court finds that although it has some marginal relevance, Interrogatory No. 15, as phrased, is overbroad.

Accordingly, the Court will limit the scope of the discovery requests at issue as follows.  Plaintiff will be entitled to additional information regarding the 38 claims identified in ECF No. 37-4 that: occurred within the last three (3) years; occurred inside rather than outside of the plant; and involved a staircase, stairwell, ladder, grease, or the East access to the mechanical sub-basement.  For those of the 38 claims that fit the above criteria, if any, Defendant must **PRODUCE** by **Thursday, January 6, 2022**: the name of the employee involved and their current address; the case number and jurisdiction of any litigation; and the internal injury report rather than the Worker's Compensation file, unless only the Worker's

2

Compensation file exists, in which case it must be produced. Any personal identifying information in those records may be redacted.

 Finally, the Court awards no costs, neither party having prevailed in full. Fed. R. Civ. P. 37(a)(5)(C).

 **IT IS SO ORDERED.**

Dated: December 2, 2021

             _____
             Anthony P. Patti
             UNITED STATES MAGISTRATE JUDGE